# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

David Feinwachs,
*Individually, and as Relator for United States*
*of America*,

                                    Plaintiffs,

v.

Minnesota Hospital Association and MCCA,

                                    Defendants.

Case No. 11-cv-8 (JRT/SER)

**ORDER**

---

     Brian E. Wojtalewicz, Esq., Wojtalewicz Law Firm, Ltd., Appleton, Minnesota, for Plaintiff.

     Elizabeth S. Gerling and Lee A. Lastovich, Esqs., Jackson Lewis P.C., Minneapolis, Minnesota, for Defendants.

---

STEVEN E. RAU, United States Magistrate Judge

     This matter comes before the undersigned on Plaintiff David Feinwachs's ("Feinwachs") and Defendants Minnesota Hospital Association ("MHA") and MCCA's, a subsidiary of MHA (collectively, "Defendants"), cross-motions for Further Consideration of Sealing [Doc. Nos. 145, 157]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court grants Defendants' Motion for Further Consideration of Sealing, and grants in part and denies in part Feinwachs's Motion for Further Consideration of Sealing.

## I.    BACKGROUND

     The underlying litigation involves Feinwachs's allegations that he was improperly terminated from his job as general counsel for Defendants. *See generally* (Third Am. Compl.)

[Doc. No. 43]. Currently before the Court are the parties' motions regarding the continued sealing of documents [Doc. Nos. 115, 118–127, 131, 135–137] originally filed under seal. In support of continued sealing, the parties also filed additional documents under seal which the Court reviews for continued sealing when analyzing the parties' respective motions. *See* [Doc. Nos. 146, 148–150, 152–153, 162–165, 168–171].

As required under the Local Rules, the parties first submitted a Joint Motion Regarding Continued Sealing ("Joint Motion") [Doc. No. 142]. Of the identified documents, the parties agreed that Brunner deposition excerpts [Doc. No. 137] should not remain sealed.[1] *See* (Joint Mot. at 13–14). The parties could not agree on the remaining documents. (*Id.* at 1–13). The Court denied the parties' Joint Motion. (Text Only Order Dated June 27, 2017) [Doc. No. 143]. The parties filed their respective Motions for Further Consideration of Sealing thereafter. (Pl.'s Motion for Further Consideration of Sealing); (Defs.' Motion for Further Consideration of Sealing).

With respect to Feinwachs's Motion for Further Consideration of Sealing, Feinwachs asserts that his medical information should not be disclosed because he is asserting "'garden variety' emotional distress damages" as a result of "being fired from a 29-year career" and has not put his medical condition at issue because he "did not seek treatment for the emotional distress, and will not be calling an expert witness on the subject." (Pl.'s Mem. for Mot. for

---

[1] The parties Joint Motion is not a model of clarity. For example, with respect to the Brunner deposition experts, the parties indicate that they agree that the document should not be sealed, but Defendants provide "reasons why document should **remain** sealed" while Feinwachs provides "reasons why document should be **unsealed**." (Joint Mot. at 13–14) (emphasis added). That said, Defendants specifically disclaim that the deposition excerpts should remain sealed in other filings with the Court. *See* (Defs.' Mot. for Further Consideration of Sealing at 2) (providing a specific list of documents that they believe the Court should keep sealed, while omitting the deposition excepts). Consequently, the Court treats the discrepancy in the Joint Motion as a typographical error.

Further Consideration of Sealing, "Pl.'s Mem. in Supp.") [Doc. No. 146 at 2]. As a result, Feinwachs "requests prevention of any such disclosure at hearings or trial of this case, or to the public in any manner." (*Id.* at 1). In support, Feinwachs submitted a memorandum, a declaration, and exhibits, each filed under seal. *See* (Pl.'s Mem. in Supp.); (Decl. of David Feinwachs for Mot. for Further Consideration of Sealing, "Feinwachs Decl. in Supp. of Sealing") [Doc. No. 148]; (Ex. 1 to Feinwachs Decl. in Supp. of Sealing) [Doc. No. 149]; (Ex. 2 to Feinwachs Decl. in Supp. of Sealing) [Doc. No. 150]. Also, as required under the Local Rules, Feinwachs submitted a Meet and Confer Statement [Doc. No. 152] and a Proposed Order [Doc. No. 153] along with his motion. *See* LR 7.1. The Meet and Confer and Proposed Order were also filed under seal. (Meet & Confer Statement); (Proposed Order).

Defendants object to Feinwachs's Motion for Further Consideration, in large part because Defendants assert that Feinwachs is attempting to improperly use the sealing rules as an ad hoc motion *in limine*. *See generally* (Defs.' Resp. to Pl.'s Mot. for Further Consideration of Sealing "Defs.' Resp.") [Doc. No. 168]. Defendants argue that "Local Rule 5.6 does not allow Plaintiff the opportunity to litigate trial issues before Summary Judgment is even decided." (*Id* at 3). In particular, Defendants assert that Chief Judge Tunheim's practice pointers state unequivocally that "he decide motions *in limine*." (*Id.*). Defendants, however, do "not oppose continued sealing of Plaintiff's deposition testimony concerning his medical information filed as an exhibit in support of Summary Judgment." (*Id.*).

With respect to Defendants' motion and relevant to the determination before the Court, Feinwachs brought both federal and state actions related to his termination from MHA. *See* (Def.'s Mem. in Supp. of Mot. for Further Consideration of Sealing, "Defs.' Mem. in Supp.") [Doc. No. 159 at 2]; (Pl.'s Mem. Opposing Defense Mot. for Further Consideration of Sealing,

"Pl.'s Resp.") [Doc. No. 173 at 2–3]. As a result, certain documents in the Ramsey County District Court action were filed under a protective order. *See* (Ex. 49, Attached to Decl. of Elizabeth S. Gerling, "Gerling Decl.") [Doc. No. 117–3 at 200–22] (copies of two orders: (1) the Ramsey County protective order; and (2) an order denying Feinwachs's motion in Ramsey County District Court to modify the protective order).[2]

At the hearing before the undersigned on the parties' cross-motions, Feinwachs asserted that many documents filed under seal in this case do not merit protection on the basis of the protective order filed in Ramsey County District Court because the documents were publically available. In support of this argument, Feinwachs filed a declaration stating he was able to obtain certain documents at the Minnesota Court of Appeals. *See* (Second Decl. of David Feinwachs on Continued Sealing Mot. of Defs., "Second Feinwachs Decl.") [Doc. No. 177].

Defendants, however, argue that the Ramsey County District Court judge's protective order has not been vacated. *See* (Second Decl. of Elizabeth S. Gerling, "Second Gerling Decl.") [Doc. No. 178 ¶¶ 8–11, 13]. Defendants assert that many of the documents proffered by Feinwachs in support of his argument that documents are publically available are not the documents at issues in Defendants' Motion for Further Consideration of Sealing. (*Id.* ¶ 3). To the extent that Feinwachs was able to obtain any of the documents at issue, Defendants are unsure why Feinwachs was able to obtain them, but surmise it was because he was a party to the litigation in Ramsey County District Court. (*Id.* ¶ 12). Regardless, because the Ramsey County District Court judge's protective order is still operative, Defendants argue that it controls and that

---

[2]     There are multiple independently paginated exhibits attached to the Gerling Declaration. As a result, CM/ECF pagination is used when citing to exhibits attached to the Gerling Declaration.

documents subject to it should remain sealed. *See* (*id.* at ¶¶ 14–15); (Def.'s Mem. in Supp at 2–3, 11–15).

## II.    DISCUSSION

Because Feinwachs has justified continued sealing for only some of the documents he requested, the Court grants in part and denies in part Feinwachs's Motion for Further Consideration of Sealing. Furthermore, because the documents at issue in Defendants' Motion for Further Consideration of Sealing are subject to a Ramsey County District Court judge's protective order, this Court grants Defendants' Motion for Further Consideration of Sealing. The Court addresses each in turn.

### A.    Legal Standard

"There is a common law right of access to judicial records, which includes the public's right to access documents that are submitted to the Court and that form the basis for judicial decisions." *Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 980 (D. Minn. 2016) (Wright, J.) (internal quotation marks omitted). "This right of access is not absolute, but requires a weighing of competing interests." *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990). Specifically, this Court "must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013).

### B.    Analysis

#### 1.    Feinwachs's Motion

The medical information that Feinwachs seeks to protect is of a character that warrants sealing. *See, e.g.*, *Skky LLC*, 191 F. Supp. 3d at 981 (stating that "personal health details" may

"be subject to an order to seal"); *Olson v. Kopel*, No. 14-cv-3975 (DWF/SER), 2016 WL 452132, at *2 (D. Minn. Feb. 5, 2016) (Frank, J.) (sealing plaintiff's "medical records only"). That said, if Feinwachs places his medical condition at issue, it undermines his requests that information related thereto be sealed. *See Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000). Here, this Court concludes that Feinwachs has not placed his medical condition at issue because none of the factors the Court typically considers when making this determining suggest that he has. *See O'Sullivan v. Minnesota*, 176 F.R.D. 325, 328 (D. Minn. 1997) (Erickson, Mag. J.) (stating factors that a court should consider when determining whether a plaintiff places his or her medical condition at issue). Specifically, Feinwachs does not: (1) raise a claim for intentional or negligent infliction of emotional distress, (2) allege any specific mental or psychiatric disorder; (3) "claim . . . unusually severe emotional distress"; (4) plan to call expert witnesses with respect to emotional distress; or (5) contend that he is placing his medical condition at issue. *See generally* (Third Am. Compl,); *see also O'Sullivan* 176 F.R.D. at 328; (Pl.'s Mem. in Supp. at 2). Consequently, the balance between the public's right of access and Feinwachs's interest in protecting this information from public disclosure weighs in favor of the continued sealing of this information. *Cf. IDT Corp.*, 709 F.3d at 1223. Furthermore, while not controlling, Defendants do not object to the continued sealing of this medical information. *See* (Defs.' Resp. at 3); *see also* LR 5.6 (establishing the sealing procedures which require the Court to independently determine whether sealing is warranted).

As a result, the Court grants Feinwachs's Motion for Further Consideration of Sealing with respect to Feinwachs's medical information filed with the Court. Out of an abundance of caution, the Court also grants Feinwachs's Motion for Further Consideration of Sealing to the extent publically available documents—including scholarly articles and website pages—

Feinwachs filed for the Court's benefit would tend to suggest the nature of the medical information that Feinwachs seeks to protect.

Nonetheless, Feinwachs's Motion for Further Consideration of Sealing is problematic for other reasons. First, and perhaps most importantly, Feinwachs request to prevent "any such disclosure at hearings or trial of this case, or to the public in any manner" is not properly before this Court. *See* (Pl.'s Mem. in Supp. at 1). If Feinwachs wishes to prevent certain evidence from being presented at trial, he must bring a motion that comports with Chief Judge Tunheim's procedures for bringing motions *in limine*. Therefore, to the extent that Feinwachs requests that information that is sealed pursuant to this Court's order be excluded at trial, his Motion for Continued Sealing is denied without prejudice.

Second, there are documents that Feinwachs filed under seal that should not have been. Local Rule 5.6 specifically states the purpose of the Rule is "to reduce the amount of information that is sealed in civil cases" because "parties have been filing too much information under seal in civil cases." LR 5.6 advisory committee note to 2017 rule. Certain types of documents that Feinwachs filed under seal, such as meet and confer statements and proposed orders are generally inappropriate for sealing. This Court has reviewed those submissions and concludes that Feinwachs's Meet and Confer Statement and Proposed Order filed with the Court do not contain any sensitive information that warrants consideration under the sealing rules. As a result, the Court denies Feinwachs's attempt to continue to seal these documents and will order that these documents be unsealed.

## 2.    Defendants' Motion

Notwithstanding the questionable veracity of Feinwachs's assertion that Defendants' documents are freely available to the public, he has failed to demonstrate that the state court's

protective order is no longer operative. This is of critical importance because the presence of a state court protective order is controlling. This Court will not exercise what amounts to appellate jurisdiction and effectively overrule or vacate a state court protective order shielding documents from the public. Comity between state and federal courts and constraints placed on a federal district court's jurisdiction dictate nothing less. *See* 28 U.S.C. § 1738 (stating "judicial proceedings . . . shall have the same full faith and credit in every court within the United States"); *see also D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) (stating "a United States District Court has no authority to review" state court decisions in judicial proceedings); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923) (stating federal district courts are courts of original jurisdiction and lack appellate jurisdiction); *Glickman, Lurie, Eiger & Co. v. Internal Revenue Serv.*, No. 4-75-Civ. 303, 1975 WL 706, *4 (D. Minn. Oct. 14, 1975) (Larson, J.) ("The Federal courts are not empowered to review the propriety of protective discovery orders in State court proceedings.").

Feinwachs's arguments to the contrary are without merit, some bordering on the absurd. In particular, Feinwachs asserts that Chief Judge Tunheim's Memorandum Opinion and Order Denying Defendants' Motion to Dismiss Dated February 3, 2016 ("February 2016 Order") [Doc. No. 77], forecloses the application of *Rooker*, *Feldman*, and their progeny. *See* (Pl.'s Resp. at 5 n.1). But Feinwachs's assertions overstate Chief Judge Tunheim's Order. Specifically, the issue before Chief Judge Tunheim was whether the adverse decision in Minnesota state court barred Feinwachs's claims in federal court on the basis of collateral estoppel. *See generally* (Feb. 2016 Order). Finding that that state court action involved different issues than the instant case, Chief Judge Tunheim held that collateral estoppel does not prevent the current action. *See* (*id.* at 1–2, 10–13). There is nothing in Chief Judge Tunheim's Order that would undermine this Court's

determination that matters of comity and constraints on its jurisdiction prevent it from interfering with a state court protective order as Feinwachs's alleges. *See generally* (*id.*); *see also* (Pl.'s Resp. at 5).

Because matters of comity prevent this Court from unearthing documents filed under the Ramsey County District Court's protective order, all documents that fall within the scope of the that order shall remain filed under seal. Furthermore, because the only documents at issue in Defendants' Motion for Further Consideration of Sealing fall under the Ramsey County District Court's protective order, Defendants' Motion for Further Consideration of Sealing is granted. In addition, the parties agree that the Brunner deposition excerpts document is not subject to the Ramsey District Court judge's protective order and neither party moves for its continued sealing. *See* (Joint Mot. at 13–14). The Court will unseal the Brunner deposition excerpts document.

## III.    CONCLUSION

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    Plaintiff David Feinwachs's Motion for Further Consideration of Sealing [Doc. No. 145] is **GRANTED in part** and **DENIED in part** as described herein;

2.    Defendants Minnesota Hospital Association and MCCA's Motion for Further Consideration of Sealing [Doc. No. 157] is **GRANTED**;

3.    The following documents shall remain sealed: Document Numbers 115, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 131, 135, 136, 146, 148, 149, 150, 162, 163, 164, 165, 168, 169, 170, 171; and

4.    The following documents shall be unsealed: Document Numbers 137, 152, 153.

Dated: February 13, 2018

                                 *s/Steven E. Rau*
                                 STEVEN E. RAU
                                 United States Magistrate Judge