# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| David Feinwachs, | Case No. 11-cv-8 (WMW/SER) |
| Plaintiff, | |
| v. | **ORDER** |
| Minnesota Hospital Association and MCCA, *subsidiary of the Minnesota Hospital Association*, | |
| Defendants, | |

Brian E. Wojtalewicz, Wojtalewicz Law Firm, Ltd., PO Box 123, Appleton MN 56208 (for Plaintiff); and

Lee A. Lastovich and Elizabeth S. Gerling, Jackson Lewis P.C., 150 South Fifth Street, Suite 3500, Minneapolis MN 55402 (for Defendants).

STEVEN E. RAU, United States Magistrate Judge

This matter comes before the Court on Plaintiff's Motion for Further Consideration of Sealing of certain emails between Plaintiff and his counsel as well as Plaintiff's memorandum and declaration discussing these emails. (ECF No. 348; *see also* ECF Nos. 227–28, 333–37). For the reasons set forth below, the Court denies Plaintiff's motion and affirms its previous order directing that these documents be unsealed.

## I.  BACKGROUND

Plaintiff sued Defendants on January 3, 2011 under the Federal False Claims Act and under the Minnesota False Claims Act. (ECF No. 1). At initiation of suit, there were two Plaintiffs, David Kunz and David Feinwachs; only Feinwachs remains. The history of

1

this case is lengthy and litigious; the Court therefore only discusses the brief facts relevant to the instant motion.

Plaintiff's counsel emailed Kunz and Feinwachs about gathering evidence to pursue litigation on May 19 and July 12, 2010. (*See* ECF Nos. 227–28, 335–37). Counsel emailed Kunz and Feinwachs on their personal Comcast email accounts. (*See* ECF Nos. 227–28, 335–37). Kunz forwarded the email to Feinwachs. (*See* ECF No. 349, at 4). Plaintiff argues it is unclear whether Kunz forwarded this email to Feinwachs' personal or work email while Defendant argues it was to Feinwachs' work email. (*See* ECF Nos. 349, 357). Regardless of which of Feinwachs' email accounts the email was forwarded to, Defendants discovered these emails on the MHA public network. (*See* ECF No. 342, at 40).

The email communications at issue in the instant motion were subject to Plaintiff's Motion in Limine No. 12, ruled on by Chief Judge John R. Tunheim. Plaintiff brought Motion in Limine No. 12 concerning "communications between plaintiff's counsel and David Feinwachs and/or David Kunz." (ECF No. 217). This motion specifically referenced emails between counsel and Feinwachs and Kunz, (*see* ECF No. 217), and at the motion hearing it was clarified that "[t]he only thing that we're talking about now is the email communications between Mr. Feinwachs and his various lawyers that existed on the MHA's network . . . ." (ECF No. 330, at 39). In other words, the emails in the instant motion were addressed via Motion in Limine No. 12. Regarding that motion, Chief Judge Tunheim stated:

> With respect to the e-mails, the documents that were found on the association's server, you know, the policy seemed relatively clear that this is not private, and then we have the issue of waiver. So I think that what Mr.

2

> Lastovich has referred to as a handful of documents are admissible here, so I will deny the motion.

(ECF No. 330, at 41). Notwithstanding this ruling, Plaintiff now seeks to seal some of the emails.

## II. DISCUSSION

Plaintiff argues the emails at issue should be sealed for multiple reasons. Plaintiff argues the emails are protected as attorney work product and attorney client communications. Plaintiff reasons the emails are between counsel and the individuals who initiated this suit, and that the emails had an attorney-client communication disclaimer. Plaintiff also argues Chief Judge Tunheim still intends to rule on whether the emails at issue are protected as work product. The Court finds that law-of-the-case doctrine dictates that Plaintiff's motion should be denied.

The law-of-the-case doctrine is a means to prevent relitigating a settled issue in a case. *United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir. 1995). The doctrine "requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy." *Id.* In other words, the doctrine "'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *United States v. Carter*, 490 F.3d 641, 644 (8th Cir. 2007) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)).

Chief Judge Tunheim has deemed the emails found on the MHA server "not private," thus precluding any argument Plaintiff has about the emails being protected as

attorney client communications or work product. (*See* ECF No. 330, at 41). In other words, by forwarding emails from private email accounts to work email accounts on a public server, Plaintiff exposed confidential information to a third-party and destroyed any privilege that may have existed.

Plaintiff's argument that Chief Judge Tunheim intends to still rule on this issue is misguided. Plaintiff quotes a portion of a hearing transcript where Chief Judge Tunheim states: "And I'll look at them [emails between Plaintiff's counsel and others] and see whether I consider any to be work product as opposed to privilege. But when we get the materials, I'll take a further look at that and resolve it later." (ECF No. 330, at 59). This portion of the transcript is referencing Plaintiff's second motion in limine on Feinwachs' communications with Minnesota Provider Coalition members after July 23, 2010. (*See* ECF No. 196). Thus, it is clearly unrelated to the emails between Plaintiff and his counsel at issue in the instant motion because they both predate those other emails and they were exposed to a different entity. Thus, the Court finds this argument irrelevant to the present motion.

In sum, the Court follows Chief Judge Tunheim's earlier ruling finding the emails at issue are not privileged or confidential in denying Plaintiff's motion. This Court will not entertain Plaintiff's backdoor attempt to use Local Rule 5.6 to mount a challenge to a decision already made in this case.

### III. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff David Feinwachs' Motion for Further Consideration

of Sealing, (ECF No. 348), is **DENIED**. The February 8, 2019 Order concerning sealing is **AFFIRMED**. Because this Court has concluded the documents at issue should be unsealed, Plaintiff's filings from the instant motion have no basis to remain under seal. The Clerk is directed to unseal these documents immediately: ECF Nos. 227, 228, 333, 334, 335, 336, 337, 349, 350, 353, and 354.

Dated: April 5, 2019

*s/ Steven E. Rau*
STEVEN E. RAU
United States Magistrate Judge